IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| W.S. INTERNATIONAL, LLC, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| vs. | : | NO 11-3014 |
| | : | |
| M. SIMON ZOOK, CO. d/b/a | : | |
| THE ZOOK MOLASSES CO., et al, | : | |
|     Defendants | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                                                                   **January 28, 2013**

W.S. International has moved for leave to file a second amended complaint, to vacate a previous Order denying preliminary injunction, and to transfer the action to the Northern District of Illinois. For the following reasons, I will grant the plaintiff leave to file a second amended complaint, grant the motion to transfer, and deny the motion to vacate without prejudice.

### I.  Motion for Leave to File a Second Amended Complaint

The plaintiff moves for leave to file a second amended complaint. The defendants do not oppose the motion but have requested additional interrogatories and the reimbursement of costs as a result of the new complaint. Because of the lack of opposition, I will grant the motion for leave to file a second amended complaint. However, because I will also grant the plaintiff's motion to transfer, I will deny the defendants' request without prejudice.

## II. Motion to Transfer

Next, the plaintiff moves to transfer this case to the United States District Court for the Northern District of Illinois based on a Confidentiality Agreement between the parties. See Document # 62 at 5, ¶ 6 ("Any and all claims . . . shall be initiated and prosecuted exclusively in the . . . Federal District Court for the Northern District of Illinois"). Throughout this litigation, the existence or non-existence of a Confidentiality Agreement has been the subject of much discussion and debate. One version of the agreement was mistakenly attached to the First Amended Complaint. See Document #20. That version was neither signed nor dated, and the defendant's name was not incorporated into the document. Another version was attached to the Declaration of George Tzakis, the plaintiff's majority owner and Manager. See Document #27. That version was also not signed by either party. A third version was attached to the Declaration of Ron Glessner, the defendants' Director of Business Development. See Document #35 at 32. That version was slightly modified by Mr. Glessner, signed by him, and returned to the plaintiff for its approval. There is uncontroverted testimony that the plaintiff never returned a copy which had been signed by the plaintiff to the defendants. Nevertheless, two years later, the plaintiff sent yet another version of the Confidentiality Agreement to the defendants which the defendants allegedly rejected. See Document #35 at 37. That version was also not signed by either party, and indicated that it was an agreement between WSI and an entity known as "Sweetener Supply Corporation."

On September 15, 2011, at a hearing on the plaintiff's second motion for a preliminary injunction, counsel for the plaintiff conceded upon questioning from the

court that there was no Confidentiality Agreement between the parties. See N.T. 9/15/11 at 36-37. It would seem disingenuous at first blush that the plaintiff now moves for transfer based on a Confidentiality Agreement of dubious existence.

However, in its motion for leave to amend the complaint, the plaintiff attached to the proposed complaint a Confidentiality Agreement signed by the defendants. The plaintiff also incorporated some of the agreement's provisions into the proposed second amended complaint. See Proposed Second Am.Compl. ¶¶ 28-30. Those provisions allege that the parties had entered into a Confidentiality Agreement in October 2008, that all disputes would be litigated in the state or federal courts of Illinois, and that the agreement would be construed and enforced in accordance with Illinois law. Id. The defendants have presented not a hint of objection to the proposed complaint. In fact, the defendants indicate that they would have provided written consent had they been asked by the plaintiff for permission to amend the complaint. Accordingly, because it seems that the parties have reached accord that the document attached to the proposed second amended complaint represents their Confidentiality Agreement, and that that agreement provides for all claims or disputes to be litigated in Illinois, I will grant the plaintiff's motion to transfer this case to the Northern District of Illinois.

### III. Motion to Vacate

Finally, the plaintiff moves to vacate my Order dated September 22, 2011 which denied the plaintiff's motion for preliminary injunction. It asks for an evidentiary hearing on the motion which could also include testimony regarding the Confidentiality

Agreement signed by the defendants. Because I will grant the plaintiff's motion to transfer this action, I will deny the motion to vacate without prejudice.

    An appropriate Order follows.